**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Paul Baran, et al.</u>

    v.                                                                Case No. 22-cv-44-SM

<u>New Hampshire Department
of Corrections, et al.</u>

**<u>Report and Recommendation</u>**

Paul Baran, who is an inmate at the New Hampshire State Prison for Men and is proceeding pro se, filed an action seeking class certification to challenge the defendants' use of the Inmate Recreation Fund. His filing is signed by ninety-five other inmates. The defendants are the New Hampshire Department of Corrections ("D.O.C.") and the Commissioner of the D.O.C., Helen Hanks. The case was referred to the undersigned for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a) and Local Rule 4.3(d)(1).

**<u>Standard of Review</u>**

The court may dismiss sua sponte an action brought by a pro se inmate against prison officials if, among other things, the plaintiff fails to allege facts that state a claim for relief. §§ 1915(e)(2)(B) & 1915A(a); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1725 (2020). For purposes of deciding whether the complaint states an actionable claim, the court takes the

factual allegations, without legal conclusions, as true and determines whether those facts are sufficient to state a plausible cause of action. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013); Machado v. Weare Police Dept., 494 F. App'x 102, 105 (1st Cir. 2012). The court liberally construes a pro se complaint, using a less stringent standard than would apply to a pleading filed by a lawyer. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Discussion

Baran filed a document titled "MOTION: TO BE REGISTERED AS A CLASS FOR A CLASS ACTION SUIT" that was docketed as both the complaint (doc. no. 1) and as a motion for class certification (doc. no. 2). The complaint and motion are signed by ninety-five pro se inmates, along with Baran. In support, Baran states that "[t]his action is taking place for misuse of a directed fund, by the Commissioner Helen Hanks & the D.O.C. The account in question is the Inmate Recreation Fund." He asks that the court grant him the right to sue on behalf of a class and order the D.O.C to notify all inmates in all New Hampshire State Prison facilities of their right to join the action or refuse to become part of it.

A.  State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  That requirement means that to proceed a complaint at a minimum must include factual allegations that give each "defendant fair notice of what . . . the claim is and the grounds upon which it rests."  Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Further, the factual allegations must be sufficient "to raise a right to relief above the speculative legal."  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

Baran states that the D.O.C. and the Commissioner have misused the Inmate Recreational Fund.  He alleges no facts, however, to show that any misuse might have occurred.  Instead, Baran focuses on his request to proceed as a class action and states that "[a]s soon as we are deemed a class I will send the motion for our Lawsuit."  Doc. 1, at 2.  As such, Baran has not stated a claim for relief that can proceed in this action.

B.  Class Certification

Baran and the other ninety-five inmates who signed the complaint are proceeding pro se.  Although each of the plaintiffs may bring a claim or claims on his own behalf, none

may represent another inmate.  28 U.S.C. § 1654; LR 83.2(d); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982).  For that reason, a pro se inmate may not represent other inmates in a class action.  Mincy v. Deparlos, 497 F. App'x 234, 238, n.3 (3d Cir. 2012); Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014); Khalil v. Laird, 353 F. App'x 620, 621 (2d Cir. 2009).

C.  Result

Baran and the other signers of the complaint have not stated a cognizable claim.  Because of their pro se status, however, it is appropriate to allow the plaintiffs to file an amended complaint that alleges facts to show that they have a claim against the D.O.C. and/or the Commissioner.  The motion for class certification should be denied.

## Conclusion

For the foregoing reasons, the motion for class certification (doc. no. 2) should be denied.  The plaintiffs should be given thirty days to file an amended complaint, signed by each pro se plaintiff who wishes to remain in the case or by retained counsel, failing which the complaint (doc. no. 1) should be dismissed without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 3, 2022

cc: Paul Baran, pro se, et al.